# IN THE COURT OF APPEALS OF IOWA

No. 17-1862
Filed August 15, 2018

**IN THE INTEREST OF L.T., K.T., E.T., T.T., and J.T.,**
**Minor Children,**

**M.W., Mother,**
          Petitioner-Appellee,

**J.T., Father,**
          Respondent-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Mary J. Sokolovske, Judge.

A father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 600A (2015).  **AFFIRMED.**

Patrick T. Parry, Sioux City, for appellant.

John S. Moeller, P.C. of John S. Moeller, P.C., Sioux City, for appellee.

Jessica R. Noll of Deck Law, L.L.P., Sioux City, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

This case arises out of a private action to terminate parental rights filed pursuant to Iowa Code chapter 600A (2015).  The mother, Meri, filed the action to terminate the parental rights of the father, Julius, after he was convicted of two counts of sex abuse in the second degree and one count of sex abuse in the third degree and was sentenced to life in prison without the possibility of parole.  Julius received a life sentence because Iowa Code section 902.14 classifies repeat sexual offenses as class "A" felonies.  *See* Iowa Code § 902.1(1) (stating conviction of a class "A" felony requires a sentence of life in prison without parole).  The convictions arose out of Julius's sexual abuse of three of the parties' daughters.  *See State v. Turner*, No. 15-2130, 2017 WL 108304, at *1 (Iowa Ct. App. Jan. 11, 2017); *State v. Turner*, No. 11-1265, 2012 WL 3860727, at *1 (Iowa Ct. App. Sept. 6, 2012).  The juvenile court terminated Julius's parental rights in five of the parties' children pursuant to Iowa Code section 600A.8(3), (9), and/or (10).  Another child was at issue, but she reached majority age prior to the termination hearing, and the district court did not terminate Julius's parental rights with respect to that child.  On appeal, Julius contends the district court erred in terminating his parental rights.

On de novo review, we conclude the mother proved the grounds for termination of Julius's parental rights by clear and convincing evidence and proved termination of Julius's parental rights is in the best interest of the children.  *See In re Q.G.*, 911 N.W.2d 761, 769–71 (Iowa 2018) (setting forth standard of review, statutory framework, and burden of proof).  In March 2011, after the mother learned of the father's sexual abuse of the children, she filed for and obtained a protective

order prohibiting the father from contacting the children. The father has not had any contact with the children since that time. He has not contributed any financial support for the children since that time. The father is currently incarcerated for life without the possibility of parole upon being convicted of abusing three of the parties' daughters. He only nominally disputes that termination is proper under the circumstances presented, noting he sent several letters to the children (although not delivered to them) and has a postconviction-relief application pending. These two facts are immaterial under the circumstances presented. We affirm the judgment of the district court without further opinion. *See In re A.H.B.*, 791 N.W.2d 687, 690 (Iowa 2010) ("Under our construction, the juvenile courts have grounds to terminate parental rights of parents who have been imprisoned, previously or currently, for sex acts against their child, their child's sibling, or another child in the household."); *In re D.B.*, No. 15-2177, 2017 WL 108305, at *2 (Iowa Ct. App. Jan. 11, 2017) (affirming termination where father had no contact with children and was incarcerated for sexual abuse); *In re S.M.S.*, No. 08-0685, 2009 WL 142537, at *1 (Iowa Ct. App. Jan. 22, 2009) ("Given the children's need for a safe and secure home, free from fear of a father who has sexually abused them, termination is in the children's best interest.").

**AFFIRMED.**